[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action seeking damages in the amount of $33,234.10 plus counsel fees and costs pursuant to the terms of a Promissory Note ("Note"), and Security Agreement/Chattel Mortgage ("Agreement") wherein the plaintiff was granted a security interest in and to a certain 1986 Cigarette Boat, 37'6", Hull Serial No. CRT38083G586 (the "Boat") on November 15, 1989 by Burke Yacht Sales, Inc.
On that date, a Uniform Commercial Code Financing Statement covering the vessel was filed in Connecticut. The original principal amount of the note was $69,371.91 and the plaintiff owns and holds the note and agreement.
On August 16, 1988, the defendants jointly and severally guaranteed payment of Burke Yacht's obligations to MNB, including future advances such as advances under the note.
During the month of September, 1990 Burke Yacht defaulted upon its obligations pursuant to the note and MNB, under the terms of the note and agreement, elected to accelerate the remaining balance and to declare said amount due and payable in full. When demands for payment were not met, MNB took possession of and sold the boat at a private sale. That sale resulted in a deficiency of $33,234.10 for which no payment was received.
The defendants moved to dismiss this action on the grounds that the Plaintiff transacted business in Connecticut without a certificate of authority in violation of Section 33-396 of the General Statutes and therefore is barred from maintaining this CT Page 11414 action pursuant to General Statutes, 33-412(a).
Since the plaintiff is permitted to maintain this action under the provisions of Section 36-5a(a)(e)(2), the motion to dismiss must be denied. Those provisions state:
 (a) Except as provided in 36-553 to 36-556, inclusive, no foreign banking corporation shall transact in this state business authorized by its certificate of incorporation or by the laws of the state under which it was organized, unless empowered so to do by some general or special act of this state. . . . For the purposes of this section, the term "foreign banking corporation" means a banking corporation which . . . . is organized under the laws of or has its principal office in any state other than Connecticut. . .
 (e)(2) The provisions of subsections (a) and (d) of section 33-412 shall not be applicable to any foreign banking corporation by reason of its maintenance of an office or its transaction of business in violation of this section before May 31, 1991, provided nothing in this subdivision shall be construed to affect any action pending on May 31, 1991.
General Statutes, 36-5a (a) and (e)(2).
The facts alleged in the complaint are undisputed. The defendants reliance upon the provisions of 33-396(a) and 33-412(a) therefore are misplaced given the facts of this case. The plaintiff's business transaction which is the subject of this action commenced some thirty-three months prior to the May 31, 1991 limitation set forth in 36-5a. Those provisions govern and are determinative of the plaintiff's right to maintain this action.
The motion to dismiss is denied.
BY THE COURT
LEANDER C. GRAY, JUDGE CT Page 11415
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 11421